## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT L. DAVIS and DARLENE DAVIS, | ) | Case No. 05-44970 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| EMC NATIONAL LIFE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-4093 |
| | ) | |
| ROBERT L. DAVIS and DARLENE DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

On August 7, 2006, the Court held a telephonic hearing in this matter to address several pre-trial motions filed by the parties. At the hearing, in addition to the issues raised by the parties' pre-trial motions, counsel for the Debtors orally raised the issue of whether it would be appropriate to exclude from trial (now scheduled for August 14, 2006) evidence and argument pertaining to the Plaintiff's allegations of fraud. The Plaintiff did not object to this issue being raised, nor did it object to the Court's suggestion that it would consider narrowing the scope of trial on this basis. Therefore, the Court interprets the Debtors' inquiry as an oral motion in *limine* on which the Court now rules.

*Limited Submission of Evidence of Fraud*

The Plaintiff has not sought a determination of dischargeability pursuant to 11 U.S.C. § 523(a)(2), but rather has sought a determination under § 1328(a). Therefore, the issue of common law fraud has not been placed in issue in the case (either in the Adversary Proceeding or in the proof of claim filed in the main case). Nevertheless, the way in which the Debtor(s) obtained money from the Plaintiff is material to a determination of whether the Chapter 13 petition and plan were filed in good faith, particularly since the Plaintiff was omitted from the bankruptcy schedules and the plan. Therefore, the court will hear evidence as to the way (*i.e.*, fraudulent or not fraudulent) in which the Debtor(s) obtained the funds at issue from the Plaintiff, and the amount of money so obtained.

*Limitation on Damage Evidence*

The Plaintiff has not sought a judgment for money damages in the Complaint, and has not specified an amount of damages in the POC. Additionally, the Plaintiff has not asserted – in either the Complaint or in the POC – a claim for punitive damages, enhanced (double or treble, etc.) damages, or attorney's fees (based on fraud). Therefore, it would be inequitable to permit the Plaintiff to inject those issues and claims for those amounts at this juncture.

Moreover, the Court will not rule on the issues of damages for fraud or attorney's fees. Those issues are not in this case and any ruling by the Court in this case should not be construed as *res judicata* or collateral estoppel as to those issues, since they have not been pled by the Plaintiff and are objected to by the Debtors. The amount of the Plaintiff's claim, if any, for purposes of this case, will be limited to the amount of money actually obtained by the Debtor(s) from the Plaintiff and not repaid.

SO ORDERED this 7th day of August, 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
electronically or conventionally to:
Jason R. Ballard
Michael J. McVay